SCHOTT, Judge,
dissenting.
I agree with my colleagues that the record does not support the conclusion that plaintiff is entitled to compensation benefits for disability resulting from the occupational disease of asbestosis under the provisions of LSA-R.S. 23:1031.1. Once that conclusion is reached, however, I am unable to agree that plaintiff’s claim has not prescribed.
Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295, La.1976, and the other eases cited in the majority opinion held that prescription against a claim for disability from an occupational disease does not begin to run until the disease becomes disabling as opposed to the time when the disease is first diagnosed and known to the plaintiff. This is so because the compensation act *1378 does not provide benefits for the mere contraction of an occupational disease but only if disability results from such disease.
The majority would award plaintiff benefits under R.S. 23:1221(4)(p) on the theory that the usefulness of a physical function, namely, plaintiff’s lungs are seriously, permanently impaired. The record shows that plaintiff’s condition was essentially unchanged from 1971 when his condition was first diagnosed as asbestosis. Consequently, the present impairment of his physical function has existed since 1971 and his claim for benefits under that section of the act has long prescribed.
The cases cited by the majority as authority for overruling the exception of prescription have no application to a claim for benefits based on the impairment of a physical function, and consequently I would maintain the exception and dismiss plaintiff’s suit.